**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
E. DANIEL KIDD, ESQ.
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
bondsk@hallevans.com
kidde@hallevans.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*       \*       \*

SERGIO DELGADO, an individual,

     Plaintiff,

v.

DOLLAR TREE STORES, INC., a foreign corporation; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,

    Defendants.

CASE NO.: 2:26-cv-00458-JAD-MDC

**STIPLULATED PROTECTIVE ORDER**

The parties to this action, Plaintiff SERGIO DELGADO, and Defendant DOLLAR TREE STORES, INC., by and through their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1.      The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2.      The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a.      Any and all documents referring or related to confidential and proprietary

1                                       KB/20065-26*

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; confidential and proprietary policies, procedures, and/or training materials of Defendant and/or Defendant's organizational structure;

b.     Any protected, confidential, or proprietary documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

c.     Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

d.     Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits;

3.     In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in either party's FRCP 26 disclosures; (2) placing the following legend on the face of the document and each page so designated "CONFIDENTIAL"; or (3) otherwise expressly identified as confidential via written correspondence.

4.     By each qualified recipient to whom it is disclosed, shall only be used for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.

5.     Qualified recipients shall include only the following:

a.     In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

b.     Deposition notaries and staff;

c.     Persons other than legal counsel who have been retained or specially employed by a party as a consultant and/or expert witness for purposes of this lawsuit or

KB/20065-26*

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

to perform investigative work or fact research;

    d.     Deponents during the course of their depositions or potential witnesses of this case;

    e.     The parties to this litigation, their officers and professional employees; and,

    f.     The parties' retained expert witnesses.

    g.     Any arbitrators, mediators, and their respective office staff.

6.    Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.

7.    If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing thirty (30) days before trial that the information should not be so deemed.

8.    The parties shall attempt first to dispose of such disputes in good faith and on an informal basis within fourteen (14) days upon any party lodging an objection to a confidentiality designation. If an agreement is unable to be reached at that conference, the designating party will then have fourteen (14) after the conference for the parties to submit a stipulation regarding discovery dispute addressing the confidentiality designation issue, or any other motion or filing required.  The parties will work in good faith to timely submit the stipulation in this time period. The burden of proof to demonstrate confidential treatment of any information at all times remains with the designating party.  Pending a resolution of the stipulation or other filing by the Court, any and all existing designations on the documents at issue in such motion shall remain in

3        KB/20065-26*

place.

9.    Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

10.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

11.    Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall destroy all copies and reproductions thereof.

///

///

///

///

///

///

///

///

///

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

4                    KB/20065-26*

12.     Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

IT IS SO STIPULATED.

DATED this 5th day of March, 2026.             DATED this 5th day of March, 2026.

**HALL & EVANS, LLC**                           **THE POWELL LAW FIRM**

*/s/ Kurt R. Bonds*                             */s/ Jonathan Powell*
KURT R. BONDS, ESQ.                             JONATHAN POWELL, ESQ.
Nevada Bar No. 6228                             Nevada Bar No. 9153
E. DANIEL KIDD, ESQ.                            8918 Spanish Ridge Avenue
1160 North Town Center Drive                    Suite 100
Suite 330                                       Las Vegas, Nevada 89148
Las Vegas, Nevada 89144                         *Attorneys for Plaintiff*
*Attorneys for Defendant*

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

5                          KB/20065-26*

**ORDER**

The terms of the above stipulation for a protective order by and between Plaintiff SERGIO DELGADO, and Defendant DOLLAR TREE STORES, INC., by their respective counsel, shall hereby be the ORDER of this Court.

DATED: March 10, 2026

_____

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**To file documents under seal the parties must comply with the procedural requirements of LR IA 10-5 and FRCP 5.2, and must also meet the substantive standards of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny.**

Submitted by:

**HALL & EVANS, LLC**

_/s/ Kurt R. Bonds_
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
E. DANIEL KIDD, ESQ.
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
bondsk@hallevans.com
kidde@hallevans.com
*Attorneys for Defendants*

6                                              KB/20065-26*